**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

---------------------------------------------------------------X
DONNA CIOMCIA, Individually and on behalf
of all others similarly situated,

                  Plaintiff,

              -against-

BEALL'S, INC.

                  Defendant.
---------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

Plaintiff Donna Ciomcia ("Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint and Jury Demand against Defendant, Beall's, Inc. ("Defendant" or "Beall's") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") on behalf of Plaintiff and all current and former overtime exempt-classified Area Managers ("AMs") who worked at any of Defendant's locations in the United States. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other current and former AMs who will opt into this action pursuant to the FLSA that they are entitled to: (i) unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to pursuant to 29 U.S.C. § 216(b).

3. Defendant is subject to personal jurisdiction in the Southern District of Florida.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant is a covered employer within the meaning of the FLSA, with gross revenues exceeding $500,000.00 for all relevant times.

## THE PARTIES

**I.** *Plaintiff*

6. Plaintiff is an adult individual residing in Cordova, California.

7. Plaintiff was employed by Defendant as an AM from on or about August 2014 until on or about October 2016, at the Beall's retail store located in Vero Beach, Florida.

8. Plaintiff's written consent to join this action is attached hereto as Exhibit "A".

**II.** *Defendant*

9. Defendant is a privately held corporation, organized and existing under the laws of Florida, with its corporate headquarters in Bradenton, Florida.

10. Defendant does business under the name Beall's and operates over 500 Beall's retail locations throughout the United States.

11. Defendant employs/employed Plaintiff and other similarly situated current and former AMs at its Beall's locations.

12. At all times relevant, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times relevant, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times relevant, Defendant was/is a enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because each Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

15. Defendant has a gross volume of sales made or business done of not less than $500,000.00.

16. At all times relevant, Plaintiff and all similarly situated AMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

17. Defendant issued paychecks to Plaintiff and all similarly situated employees during their employment.

18. Defendant directed the work of Plaintiff and similarly situated employees, and directly benefited, suffered or permitted the work they performed.

19. Plaintiff and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA.

20. Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

**COLLECTIVE ACTION ALLEGATIONS**

21. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at their Beall's locations as AMs, as well as other similarly situated current and former employees holding comparable positions but different titles, at any time from three years prior to the filing of this Collective Action Complaint to the entry of judgment in this case (the "Putative FLSA Collective").

22. Defendant is liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the members of the Putative FLSA Collective.

23. There are numerous similarly situated current and former AMs (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative FLSA Collective pursuant to 29 U.S.C. § 216(b).

24. Similarly situated employees are known to Defendant, readily identifiable and can be located though Defendant's records.

25. Plaintiff and the members of the Putative FLSA Collective, all of whom regularly worked more than forty (40) hours in a workweek, were employed as AMs by Defendant at their Beall's locations.

26. Defendant failed to pay Plaintiff and the members of the Putative FLSA Collective overtime compensation for the hours they worked over forty (40) in a workweek.

27. Defendant failed to keep accurate records of all hours worked by Plaintiff and the Members of the Putative FLSA Collective.

28. Throughout the relevant period, it has been Defendant's policy, pattern, or practice to require, suffer, or permit Plaintiff and the members of the Putative FLSA Collective to work in excess of forty (40) hours per workweek without paying them overtime wages for all overtime hours worked.

29. Defendant assigned the work that Plaintiff and the members of the Putative FLSA Collective have performed or Defendant was aware of the work they performed.

30. The work performed by Plaintiff and the members of the Putative FLSA Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

31. Defendant intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the members of the Putative FLSA Collective, this policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendant's corporate headquarters. This policy, pattern or practice includes but is not limited to:

   a. willfully failing to record all of the time Plaintiff and the members of the Putative FLSA Collective have worked for the benefit of Defendant;

   b. willfully failing to keep accurate time records as required by the FLSA;

   c. willfully failing to credit Plaintiff and the members of the Putative FLSA Collective for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

   d. willfully failing to pay Plaintiff and the members of the Putative FLSA Collective wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

32. Defendant is aware, or should have been aware, that the FLSA requires them to pay Plaintiff and the members of the Putative FLSA Collective an overtime premium for hours worked in excess of forty (40) hours per workweek.

## **PLAINTIFF'S WAGE AND HOUR ALLEGATIONS**

33. Consistent with Defendant's policy, pattern or practice, Plaintiff and the members of the Putative FLSA Collective regularly worked in excess of forty (40) hours per workweek without being paid overtime wages.

34. All members of the Putative FLSA Collective primarily performed the same or substantially similar job duties.

35. The primary duties that Plaintiff and the other AMs regularly performed include, but are not limited to:

    a. customer service;

    b. working the cash register;

    c. selling merchandise;

    d. restocking merchandise;

    e. unloading trucks; and

    f. cleaning the store.

36. Plaintiff's and the other AMs' primary job duties did not include:

    a. hiring

    b. firing;

    c. setting rates of pay;

    d. scheduling; or

    e. disciplining other employees.

37. Plaintiff's and the other AMs' primary duties did not differ substantially from the duties of non-exempt hourly paid employees.

38. Plaintiff and the other AMs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

39. Plaintiff's and the other AMs' primary duties were customer service related. Customer service occupied the majority of the Plaintiff's and the other AMs' working hours.

40. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendant classified all AMs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

41. Defendant did not perform a person-by-person analysis of every AMs' job duties when making the decision to classify all of them, and other employees holding comparable positions but different titles, as exempt from the FLSA's overtime protections, as well as the protections of applicable state laws.

42. Upon information and belief, Defendant's unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice which minimizes labor costs by violating the FLSA.

43. Defendant's failure to pay overtime wages for work performed by the Putative FLSA Collective in excess of forty (40) hours per workweek was willful.

44. Defendant's unlawful conduct has been widespread, repeated and consistent.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act: Unpaid Overtime Wages**

45. Plaintiff and the members of the Putative FLSA Collective, reallege and incorporate by reference paragraphs 1 to 44 as if they were set forth again herein.

46. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

47. Plaintiff and the members of the Putative FLSA Collective have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

48. At all relevant times, Plaintiff and the members of the Putative FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendant.

50. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. At all times relevant, Plaintiff and the members of the Putative FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

52. Defendant failed to pay Plaintiff and other similarly situated members of the Putative FLSA Collective the overtime wages to which they were entitled under the FLSA.

53. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been intentional and willful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated members of the Putative FLSA Collective.

54. Defendant's violations of the FLSA have been willful and as such a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. As a result of the Defendant's violations of the FLSA, Plaintiff and all other similarly situated members of the Putative FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

56. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated members of the Putative FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Putative FLSA Collective, prays for the following relief:

A. At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, informing all similarly situated AMs of the nature of this action and of their right to join this lawsuit;

B. Certification of the Putative FLSA Collective;

C. Designation of Plaintiff as representative of the Putative FLSA Collective, and counsel of record as Class Counsel;

D. Equitable tolling of the FLSA statute of limitation as a result of Defendant's failure to post requisite notices under the FLSA;

E. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201, *et seq*. and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

F.	Pre-judgment interest and post-judgment interest, as provided by law;

G.	Attorneys' fees and costs of the action, including expert fees; and

H.	Such other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative FLSA Collective, demand a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated:  December 20, 2017
           Boca Raton, Florida                                   Respectfully submitted,

*[signature]*

_____
Gregg I. Shavitz
E-mail: gshavitz@shavitzlaw.com
Paolo C. Meireles
E-mail: pmeireles@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile:  (561) 447-8831

Marc S. Hepworth*
E-mail: mhepworth@hgrlawyers.com
Charles Gershbaum*
E-mail: cgershbaum@hgrlawyers.com
David A. Roth*
E-mail: droth@hgrlawyers.com
Rebecca S. Predovan*
E-mail: rpredovan@hgrlawyers.com
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
*pro hac vice* application forth coming

*Attorneys for Plaintiff and the Collective*

# Exhibit A

## CONSENT TO JOIN FORM

      1.    I consent to be a party plaintiff in a lawsuit against Defendant(s), Bealls, Inc, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.    I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.    I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:
*Donna Ciomcia*
F1589A26FC37470...

Signature

Donna Ciomcia

Print Name